**NORTHWESTERN FRUIT CO., Malat Produce Co., Inc., and Twin City Produce Supplies, Inc., Plaintiffs,**

v.

**A. LEVY & J. ZENTNER CO., Abatti Produce, Inc., A & M Produce Co., A.T.B. Packing Co., Badlands Provisions, Inc., Bud Antle, Inc., Couture Farms, Hi–Value Processors, Inc., Lindemann Farms, Inc., Mario Saikhon, Inc., Naam Packing Co., Pacific Farm Co., Pappas and Co., Perez Packing, Inc., Sahara Packing Co., Signal Produce, Inc., Silver Creek Packing Co., Stamoules Produce Co., Tri–Produce Co., United Packing Co., V.H. Azhderian & Co., Inc., Defendants.**

**No. CV–F 84–263–EDP.**

United States District Court,
E.D. California,
Fresno Division.

July 30, 1987.

## ORDER WITH RESPECT TO AWARD OF COUNSEL FEES

PRICE, District Judge.

Upon notice and hearing this Court hereby FINDS that:

1. The plaintiffs, individually and on behalf of the Class, have entered into settlement agreements with twenty defendants, all of which have been approved by this Court as fair, reasonable and adequate.

2. A Joint Petition for Attorneys' Fees and Reimbursement of Costs and Expenses ("Joint Petition"), dated May 8, 1987, has been submitted to the Court for approval.

3. By order dated April 20, 1987, this Court directed that a Second Notice of Class Action and Proposed Settlements ("Second Notice") be given, and ordered that a Hearing be held on July 27, 1987, to hear any objections to the requested attorneys' fees and reimbursement of costs and expenses.

4. A declaration of Charles Nauen, dated May 20, 1986, has been filed with the Clerk of the Court attesting that the above Second Notice was given on May 9, 1987, by individual mailed notice and, additionally, by published notice.

5. The Second Notice informed Class members of their right to object in writing to the requested attorneys' fees and reimbursement of costs and expenses, no later than July 8, 1987.

6. No objections to the requested attorneys' fees and reimbursement of costs and

expenses have been received from any of the Class members. The several thousand Class members, who have not objected, include many large businesses.

7. The Joint Petition, including the declarations in support thereof, sets forth in detail the time expended, the work accomplished, the results achieved, and the historical billing rates regularly charged by Petitioners in other cases.

8. Petitioners, by their efforts over the years in this litigation, have created a Settlement Fund currently totalling about $8,500,000, including interest, and have obtained significant equitable relief, which further benefits the Class. This was accomplished without any prior government prosecution or investigation. According to the Joint Petition, highlights of Petitioners' work included initial investigation of the case, without aid of a prior government investigation of price fixing; the review and analysis of more than two million documents at numerous field locations; informal witness interviews and formal depositions; development of expert testimony; and the successful briefing and argument of several crucial motions, including plaintiffs' motion for class certification and defendants' motion for summary judgment.

9. Petitioners also state that their settlement strategy and skill contributed to the success of settlement negotiations in this case, resulting in price fixing settlements that are unusually favorable as a percentage of defendants' sales. The settlements with twenty defendants herein equal almost 15% of the settling defendants' total revenue from cooling and palletizing cantaloupes over the four-year statute of limitations period. In addition, as noted above, Petitioners obtained significant equitable relief in each of the settlements.

10. The Joint Petition, filed on behalf of all counsel for plaintiffs, requests an award of attorneys' fees in the amount of $2,485,354.40, and reimbursement of costs and expenses, advanced by Petitioners on behalf of the Class over the years, in the amount of $227,821.43. The attorneys' fees requested represent approximately 29% of the monetary result achieved by Petitioners' efforts (exclusive of the value of equitable relief to the Class), and represent a multiplier of 1.6 times Petitioners' "lodestar" (hours times historical billing rates) of $1,553,346.50. Petitioners state in the Joint Petition their belief that they would be entitled to a multiplier of up to 2.0 times "lodestar" to compensate for the extreme risk of this litigation in which Petitioners' fees have been entirely contingent on success, and also in order to compensate for the delay of payment of fees in this litigation, where no fees have been paid to date. However, Petitioners state in the Joint Petition that they request a multiplier of 1.6, rather than 2.0, in order to voluntarily keep the requested attorneys' fees below 30% of the monetary portion of the result achieved.

11. The Court has carefully considered the guidelines for awarding attorneys' fees set forth in *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 837–41 (9th Cir.1982), including, but not limited to: the time and labor required; the results achieved; whether the fee is fixed or contingent; the novelty and difficulty of the questions involved; the skill necessary to perform the legal services properly; the experience, reputation and ability of counsel; and awards in similar cases.

12. On the basis of the declarations, submitted in support of the Joint Petition, the Court finds that the time expended and the hourly rates reflected in the Joint Petition are fair and reasonable.

13. The Court finds that, upon consideration of the guidelines in *Moore v. Jas H. Matthews, supra,* and the entire record in this case, Petitioners should be awarded attorneys' fees jointly in the amount of $2,485,354.40, and finds attorneys' fees in that amount to be fair and reasonable compensation for the value of the services rendered and the results achieved.

14. The Court also finds that Petitioners have advanced, on behalf of the Class, costs and expenses in the amount of $227,821.43, and finds these costs to be necessary and proper, and that Petitioners are entitled to reimbursement of the costs they advanced.

**672**

IT IS THEREFORE ORDERED AND DECREED THAT:

A. Petitioners hereby are awarded joint attorneys' fees in the amount of $2,485,-354.40 for services rendered to date, as well as the results achieved in this litigation;

B. Petitioners hereby are awarded reimbursement of costs and expenses advanced by Petitioners on behalf of the Class in the amount of $227,821.43;

C. The attorneys' fees and reimbursement of costs and expenses, awarded by this Order, are to be paid to the law firm of Landels, Ripley & Diamond, as trustee, on behalf of all Petitioners.

D. The attorneys' fees and reimbursement of costs and expenses, awarded by this Order, shall be paid from the Settlement Fund thirty-one days following the entry of this Order. In the event of any appeal from this Order, the attorneys' fees and reimbursement of costs and expenses shall not be paid until the conclusion of the appeal, but shall bear interest from the date of this Order at the same rate as the Settlement Fund, and this Order shall be, and hereby is, entered as a judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there being no just reason for delay.

SO ORDERED.